# Wheeling.

## WILLIAM ZINK & SON *vs.* ANDREW WILSON.

### January Term, 1869.

1. In an action of unlawful detainer where the title to the property is admitted, on the trial, to be in the plaintiff, and a notice to quit the premises is offered in evidence, a *prima facie* right to recover, is shown, and it is not error to permit such notice to be read in evidence to the jury.

2. Although there was a trial of a cause before the passage of the act of February 7th, 1868, and a verdict rendered, yet if the verdict were set aside and a new trial granted, it was error not to permit a party to the suit to be sworn as a witness, under the provisions of the act, on a trial had after the passage thereof.

3. On the trial of an action of unlawful detainer in the circuit court of Ohio county, it was not error for the court to refuse to permit a summons in an action of unlawful detainer in the municipal court of the city of Wheeling, claiming the same premises, to be read to the jury.

4. W. brought an action of unlawful detainer against Z., on the 6th day of November, 1867. On the trial of the cause, in March, 1868, the title to the premises was admitted to be in W., and he proved the service of a notice on Z. to quit the premises on the 1st day of April, 1867, served December, 31st, 1866. Z. produced a written lease dated January 24th, 1864, for five years, in which it was stipulated that he was not to sublet the premises, and if he did so W. might re-enter after ten days' notice. To rebut this W. produced, and was permitted to read to the jury, a notice to Z., dated October 24th, 1867, stating a breach of the condition in relation to subletting, and requiring Z. to deliver possession on the 5th day of November, 1867. HELD:

> That it was not error to permit the notice of October 24th, 1867, to be read, because the *prima facie* case of the plaintiff made on the admission of his title to the premises, and the proof of the notice served December 31st, 1866, had been rebutted.

> 2. It was not error to permit the plaintiff to proceed in his case without producing his written lease, because he had made a *prima facie* case without it.

Andrew Wilson brought an action of unlawful detainer in Ohio county, in November, 1867, against William Zink & Son. A trial was had in December, 1867, when a ver-

dict was rendered for the plaintiff, but on motion of the defendants it was set aside and a new trial granted.   A further trial was had in March, 1868, when a verdict and judgment was had for the plaintiff.   On the trial the plaintiff offered in evidence a notice to the defendants to quit the premises claimed by him on the 1st day of April, 1867, dated December 27th, 1866, and proved its service on the defendants on December 31st, 1866.   The defendants objected to the introduction of this notice, but the court permitted it to go to the jury, and they excepted.   The defendants admitted the legal title of the premises to be in the plaintiff, in fee.

The defendants proved the execution of a lease between themselves and the plaintiff to extend five years from January 24th, 1864, in which, among other things, it was stipulated that they should not sublet the premises or any part thereof without the plaintiff's consent; and further, if the defendants failed to comply with any of the requisitions of the contract, the plaintiff might re-enter after ten days' notice. The defendants offered themselves as witnesses and desired to be sworn, but the plaintiff objected and the court sustained the objection, whereupon the defendants excepted. The defendants further offered in evidence a summons issued from the municipal court of Wheeling, by the plaintiff against the defendants, of unlawful detainer, claiming the same premises under consideration, dated April 2d, 1867, to which the plaintiff objected, and the court sustaining the objection the defendants excepted.

The plaintiff then proved the subletting of a part of the premises in the summer of 1867; he offered to read to the jury in evidence a notice to the defendants, dated October 24th, 1867, and proved to have been served on them on the day following, to quit the premises within ten days, they having sublet a part of the same.   To the introduction of this notice the defendants objected, but the court overruled the objections and the defendants again excepted.

They brought the case here by writ of supersedeas, and in their petition assigned the following errors.

"1. It was error to admit the notice of Wilson to the plaintiff, of the 31st December, 1866.

"2. It was error to refuse to permit the plaintiffs here, to be sworn in their own behalf, under the act of the 7th February, 1868.

"3. It was error to refuse the reading of the summons issued by the municipal court of Wheeling, dated the 2d day of April, 1867.

"4. It was error for the court to permit the said Wilson to give in evidence, his notice of the 24th of October, 1867.

"5. It was error to permit the plaintiff below, to proceed on his case, as first made out, without producing his written lease, and proving on that instrument."

*Peck & Hubbard* for the plaintiffs in error.
*N. Richardson* for the defendant in error.

MAXWELL, J. This was an action of unlawful detainer by Andrew Wilson to recover from Zink & Son the possession of a house and lot situated in the city of Wheeling. It was admitted that the legal title to the said property was in Wilson. Wilson was allowed by the court to give in evidence to the jury a notice to quit the premises on the 1st day of April, 1867, which notice was served on the defendants on the 31st of December, 1866. It is claimed now here, that it was error to allow this notice to be given in evidence to the jury. This notice along with the admission of title to the property in Wilson showed his *prima facie* right to recover, and there could be no error in admitting it to go to the jury.

It is claimed that it was error in the court to refuse to permit the defendants below to be sworn in their own behalf under the act of February 7, 1868.

There had been a former jury in the cause which had rendered a verdict against the defendants, but which verdict was set aside by the court without any judgment being pronounced upon it and a new trial awarded.

It is claimed by the defendant in error that the verdict of the jury is equivalent to a judgment in the meaning of the act of February 7, 1868, and that the act must be strictly construed. I admit that the act should be strictly construed, but in construing it strictly we must necessarily keep in view the distinction between a "verdict" and a "judgment," and unless a technical judgment has been rendered and a new trial awarded, a party may be allowed to testify in his own behalf. No such judgment having been rendered in this case the defendants below should have been allowed to testify in their own behalf, and it was error to refuse to allow them to do so.

I cannot see that there was any error in refusing to allow the reading of the summons issued by the municipal court of Wheeling, because that case had nothing to do with the case before the court.

There was no error in permitting Wilson to give in evidence his notice of the 24th of October, 1867, because the *prima facie* case made on his notice proved to have been served December 31st, 1866, had been rebutted, nor was there any error in allowing the plaintiff below to proceed on his case without producing his written lease, because the said plaintiff had made a *prima facie* case complete without his lease.

For the error in refusing to allow the plaintiffs in error to testify in their own behalf in the court below, the judgment complained of will have to be reversed at the costs of the defendant in error, and the cause remanded for a new trial to be had therein.

The remaining judges concurred.

JUDGMENT REVERSED.